HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZINA-CHANEL IVY,

   Plaintiff,

  v.

WELLS FARGO BANK, N.A.,

   Defendants.

Case No. 2:19-cv-01046-RAJ

**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's motion for a temporary restraining order ("TRO"). Dkt. 20. For the reasons stated below, the Court **DENIES** the motion.

## II. BACKGROUND

On June 23, 2016, Plaintiff Zina C. Ivy borrowed $254,950.00 from Bank 34, A Federal Bank. The loan was evidenced by a promissory note and secured by a deed of trust encumbering 12847 SE 161st Street, Renton, WA 98058 (the "Property").[1] Dkt. 8, Exs.1, 2.[2] On or about January 16, 2019, Bank 34 assigned all right, title, interest, lien and estate

---

[1] The Court construes this TRO as it applies to Plaintiff's original complaint. Plaintiff was not granted leave to file an amended Complaint and thus it will not be considered. *See* Fed. R. Civ. P. 15.

[2] "A trial court may presume that public records are authentic and trustworthy," *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999), and thus fall within the purview of Rule 201, *see also Allshouse v. Caliber Home Loans, Inc.*, No. CV1401287DMGJCX, 2014 WL 12594210, at *3 (C.D. Cal. Oct. 29, 2014) ("Courts routinely take judicial notice of assignments of deed of trust and similar recorded documents"). The Court takes judicial

ORDER – 1

in and to the Property under its deed of trust to Wells Fargo Bank, N.A. by executing an Assignment of Deed of Trust, recorded in Official Records of the Auditor of King County, Washington under Instrument No. 20190116000709. *Id*., Ex. 3.

The loan fell into default when Plaintiff failed to make her monthly installment payments on November 1, 2018, and each month thereafter. *Id*., Ex. 4. As a result of Plaintiff's default, Wells Fargo appointed Quality Loan Service Corporation of Washington ("QLS") as successor trustee by an Appointment of Successor Trustee. *Id*., Ex. 5. Thereafter QLS recorded a Notice of Trustee's Sale (the "NOTS") in the Official Records of the Auditor of King County, Washington under Instrument No. 20190529001219. *Id.*, Ex. 6. QLS recorded a Notice of Discontinuance of Trustee's Sale in Official Records of the Auditor of King County, Washington on June 28, 2019, under Instrument No. 20190628000039. *Id*., Ex. 7. The sale previously set for October 4, 2019, (*id*., Ex. 6, p. 2 ¶V.) has never been held, and no trustee's sale is actively scheduled. Plaintiff brings this TRO claiming that her home will be solid within the next week. Dkt. 20.

### III. LEGAL STANDARD

Like a preliminary injunction, issuance of a TRO is "an extraordinary remedy never awarded as of right." *Garcia v. Google, Inc*., 786 F.3d 733, 740 (9th Cir. 2015). Pursuant to Federal Rule of Civil Procedure 65(b), a party seeking a TRO must make a clear showing (1) of a likelihood of success on the merits, (2) of a likelihood of suffering irreparable harm in the absence of preliminary relief, (3) that the balance of hardship tips in her favor, and (4) that a temporary restraining order in is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (articulating standard for preliminary injunction); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order

---

notice of the exhibits attached to Dkt. 8, the authenticity of which are not in dispute and capable of accurate and ready determination.

ORDER – 2

standards are "substantially identical").

## IV. DISCUSSION

For purposes of the pending motion, federal courts are courts of limited jurisdiction and in considering a request for a TRO the court is bound by the requirement that, as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). With respect to the trustee's sale which plaintiff seeks to enjoin, the court does not appear to have an actual controversy before it. As noted above, Defendants have recorded a Notice of Rescission of Notice of Default which states that the previously recorded Declaration of Default and Demand for Sale and the Notice of Breach an Election to Cause Sale are rescinded, cancelled and withdrawn. Dkt. # 8, Ex. 6. A trustee's sale of Plaintiff's home is no longer authorized.

Moreover, Plaintiff's application for a TRO would otherwise fail because she does not establish a likelihood of success on the merits. Plaintiff claims in her motion that Defendants do not have any legal right to foreclose on her property and that the Note and the Mortgage have been irreparably separated. Dkt. 20. First, Washington courts have long recognized that a security instrument follows the note it secures. *McAfee v. Select Portfolio Servicing, Inc.*, No. 71995–5–I, 2016 WL 884868 (Wash. Ct. App. Mar. 7, 2016); *Deutsche Bank Nat'l Tr. Co. v. Slotke*, No. 73631–1–I, 2016 WL 107783, at *5 (Wash. Ct. App. Jan. 11, 2016) (collecting cases). Second, Wells Fargo Bank, N.A. was at all relevant times, the holder of the note (Dkt. 8, Ex. 4, pp. 2, 9) and beneficiary of the deed of trust. *Id.*, Exs. 2, 3, 4, 6. Specifically, Plaintiff's deed of trust named "Bank 34" as the "Lender." *Id.*, Ex. 2. The note was payable to "Bank 34, A Federal Bank." *Id.*, Ex. 1. The deed of trust defines the beneficiary of this security instrument as Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for Lender and Lender's successors and assigns (*id.*, Ex. 2, p. 4), and RCW 61.24.005(2) defines the beneficiary as the holder of the promissory note. On or about January 16, 2019, Bank 34 assigned all right, title, interest lien and estate in and to the Property under its deed of trust to Wells Fargo Bank,

ORDER – 3

N.A. Dkt. 8, Ex. 3. *See Brown v. Dep't of Commerce*, 359 P.3d 771 (2015) (the clear legislative purpose of the Deeds of Trust Act was to ensure the party with authority to enforce and modify the promissory note is the party who forecloses).

As the lender and beneficiary, Wells Fargo validly executed an appointment of successor trustee in 2019. Thus, Wells Fargo was authorized to enforce the promissory note by appointing a successor trustee of the deed of trust and commencing foreclosure. Therefore, for the reasons stated above, Plaintiff has not demonstrated that she is entitled to emergency relief.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion. Dkt. 20.

DATED this 4th day of October, 2019.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4