UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZINA-CHANEL IVY,

        Plaintiff,

    v.

WELLS FARGO BANK, N.A.,

        Defendant.

Case No.  2:19-cv-01046-RAJ

**ORDER DENYING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION**

     The Court has reviewed Plaintiff Zina-Chanel Ivy's Complaint (Dkt. # 1-1), [1] Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Dkt. # 7), the Report and Recommendation of Brian A. Tsuchida, United States Magistrate Judge (Dkt. # 14), Plaintiff's Objections to the Report and Recommendation (Dkt. # 15), and the remaining record.

     The Court concurs fully in the recommendations of the Report and Recommendation.  Plaintiff objects to Judge Tsuchida's R&R but does not elaborate on which portions of the R&R she finds objectionable.  To the extent it is decipherable, Plaintiff's objection appears to be largely based on her previous allegation that Wells

---

[1] The Court construes this Motion to Dismiss as it applies to Plaintiff's original complaint.  Plaintiff was not granted leave to file an amended Complaint and thus it will not be considered.  *See* Fed. R. Civ. P. 15.

ORDER – 1

Fargo acted without authority when it began foreclosure on her home. Dkt. # 15 at 1. But as explained by Judge Tsuchida, this argument is without merit. Dkt. # 14 at 8-9.

The record before the Court clearly shows that Wells Fargo Bank, N.A. was at all relevant times, the holder of the note (Dkt. # 8, Ex. 4, pp. 2, 9) and beneficiary of the deed of trust. Dkt. # 8, Exs. 2, 3, 4, 6. [2] As the lender and beneficiary, Wells Fargo validly executed an appointment of successor trustee in 2019 and was authorized to enforce the promissory note by appointing a successor trustee of the deed of trust and commencing foreclosure after Plaintiff defaulted. As a result, Judge Tsuchida recommended that Plaintiff's claims based on the allegation that Wells Fargo has no authority to foreclose, be dismissed. Dkt. # 14 at 9. Plaintiff does not introduce any new evidence or legal authority to challenge Judge Tsuchida's determination and the Court can find no error on its own accord.

In addition to her timely filed Objections (Dkt. # 15), however, Plaintiff also filed several additional documents on September 20, 2019, after the deadline to file objections had passed. *See* Dkt. # 16, 16-1, 16-2. Plaintiff did not request additional time or leave to file additional documents in support of her objections. Accordingly, the Court need not consider these documents for the purposes of this motion. Even if the Court were to consider Plaintiff's improperly filed new "evidence," the outcome remains the same. None of the exhibits raise new facts or evidence that was not already in Plaintiff's Complaint and considered in Judge Tsuchida's R&R.

Here, Judge Tsuchida thoroughly and thoughtfully analyzed Defendant's Motion to Dismiss and articulated his reasons for granting the Motion. Dkt. # 14. Plaintiff raises

---

[2] "A trial court may presume that public records are authentic and trustworthy," *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999), and thus fall within the purview of Rule 201, *see also Allshouse v. Caliber Home Loans, Inc.*, No. CV1401287DMGJCX, 2014 WL 12594210, at *3 (C.D. Cal. Oct. 29, 2014) ("Courts routinely take judicial notice of assignments of deed of trust and similar recorded documents"). The Court takes judicial notice of the exhibits attached to Dkt. 8, the authenticity of which are not in dispute and capable of accurate and ready determination.

essentially the same arguments before this Court as she did before Judge Tsuchida. Dkt. # 15. These arguments are unpersuasive and fail to address the fundamental flaws in Plaintiff's Complaint. Accordingly, the Court **DENIES** Plaintiff's Objections (Dkt. # 15) and adopts the Report and Recommendation (Dkt. # 14). This case is **DISMISSED** with prejudice.

DATED this 21st day of October, 2019.

The Honorable Richard A. Jones
United States District Judge